UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARCUS T. BARTOLE, et al., | |
| Plaintiffs, | |
| v. | CAUSE NO. 1:25-CV-148-TLS-JEM |
| TIPPECANOE COUNTY COUNCIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Marcus T. Bartole, Shavar Davis, and Deonta Johnson, prisoners without lawyers, filed a Complaint and a Motion for Counsel. ECF 1, ECF 3. Bartole also filed a Motion for Leave to Proceed In Forma Pauperis. ECF 2.[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A.   **Plaintiff Bartole**

The Court will first address the Motion for Leave to Proceed In Forma Pauperis. Bartole is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

---

[1] Though this Motion purports to being filed on behalf of all three plaintiffs, only Bartole has signed it.

the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Review of Bartole's litigation history indicates that he has accrued three strikes under the Prison Litigation Reform Act. *See Bartole v. State of Indiana*, 3:24-CV-633 (N.D. Ind. filed July 29, 2024); *Bartole v. Doe*, 2:23-CV-242 (N.D. Ind. filed July 10, 2023); *Bartole v. Hughes*, 2:22-CV-257 (N.D. Ind. filed Aug. 31, 2022).

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). According to the Complaint, Bartole seeks injunctive relief to remedy the ineffective assistance of counsel provided by public defenders. These allegations do not plausibly allege imminent danger of serious physical harm.

Also, Bartole knows he is struck out. He was told recently in *Bartole v. Sheriff,* 2:25-CV-46 (N.D. Ind. dismissed Jan. 29, 2025), and in *Bartole v. United States*, 2:25-CV-1 (N.D. Ind. dismissed Feb. 21, 2024). Bartole filed this Complaint without pre-paying the filing fee even though he knows he is prohibited from doing so unless he is in imminent danger of serious physical injury. And, as discussed above, his Complaint does not plausibly allege that he is in imminent danger of serious physical harm. The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed without prepaying

2

the filing fee after they have been informed that they are barred from doing so. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Thus, this case will be dismissed,[2] the filing fee assessed,[3] and Bartole restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict Bartole from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

**B.     Plaintiffs Davis and Johnson**

With respect to Plaintiffs Davis and Johnson, the Court first considers whether to sever their claims into separate cases. "[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court has discretion to also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (cleaned up); *see* Fed. R. Civ. P. 20(a)(1). Based on the facts of this case, joinder of these unrepresented jail inmates is not appropriate.

The Plaintiffs are not lawyers and may not represent each other. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir.

---

[2] As detailed below, the Court will first sever this case into separate cases for each Plaintiff and will only dismiss this case with Bartole as the sole remaining Plaintiff.

[3] For ease of administration, the filing fee will be assessed in a separate order.

3

2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each Plaintiff must read and sign every filing. Gathering signatures at the beginning of a lawsuit is easier than at any other time, but inmates are constantly being released from custody, transferred to other facilities, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). When the Plaintiffs are no longer housed together in the same unit, it may be impossible obtain each other's signatures. Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. Fed. R. Civ. P. 5(a). This would impose an additional cost on the Plaintiffs. Moreover, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'"); *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (explaining that internal security is particularly a matter normally left to the discretion of jail administrators.). If a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, but other plaintiffs are also left ignorant of the activity in the case.

Additionally, each Plaintiff is individually required to pay the full filing fee regardless of how much any of the other inmate Plaintiffs may have paid. *See Boriboune*, 391 F.3d at 855 (explaining that a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff"). Thus, in the totality, it would be fundamentally unfair for this case to proceed with multiple unrepresented, prisoner Plaintiffs.

Pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." *Cf.* W*heeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)."). Here, it is fair to open a separate case for each of these

Plaintiffs. This resolves the problems discussed above. It allows for the efficient, individual determination of each Plaintiff's case. Yet, it does not preclude the Plaintiffs from cooperating with each other to the extent they are able. Nor does it preclude future consolidation pursuant to Rule 42(a), if that is appropriate at any stage of the proceeding. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." Fed. R. Civ. P. 1.

The Court next considers the allegations in the Complaint. Davis and Johnson have named the Tippecanoe County Counsel, the Tippecanoe County Board of Commissioners, and the Tippecanoe Public Defender Board as Defendants, asserting that the county's public defender's office is underfunded and that their assigned public defenders have an excessive caseload that prevents them from effectively representing them. Based on these allegations, Davis and Johnson seek injunctive relief "enjoining Defendants from making expenditures of funds on indigent defense services likely to result in violations of the constitutional rights of indigent individuals charged with crimes."

"A federal court possesses broad powers to remedy constitutional violations, but these powers are not boundless." *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991). "As an initial matter, the federal court must find that a constitutional violation exists." *Id.* 'But even when a violation is found, the power of a federal court to issue injunctive relief is circumscribed by the nature and extent of the constitutional violation." *Id.* Here, the Court observes a disconnect with the factual allegations and the relief requested. The factual allegations as a whole suggest that the public defender office requires more funding for additional staffing and that excessive caseloads are the primary cause of ineffectiveness, not that the Defendants are, for example, purposefully hiring incompetent lawyers as public defenders or are actively encouraging ineffective legal tactics. And it is unclear how an order preventing the Defendants

5

from funding incompetent lawyers or ineffective legal tactics, by itself, would result in Davis or Johnson receiving effective assistance of trial counsel or would otherwise correct the asserted constitutional violations. Moreover, the nature of this requested relief would seem to require this Court "to engage in an ongoing audit of the criminal cases," in violation of *Younger v. Harris*, 401 U.S. 37 (1971). *See Bender v. Wisconsin*, 2019 WL 4466973, at *5 (W.D. Wis. Sept. 18, 2019) (collecting cases).

Consequently, this Complaint does not state a claim for which relief can be granted. If Davis and Johnson believe they can state a claim based on (and consistent with) the events described in this Complaint, they may each file an amended complaint separately because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, they need to each write the case number assigned to their severed case on a Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form. They need to each write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after they each properly complete the form.

At this time, the Court will also address Davis and Johnson's filing fee statuses and the Motion for Recruitment of Counsel. Neither of these Plaintiffs have resolved their filing fee status by prepaying the $350 filing fee in full or by filing a motion for leave to proceed in forma pauperis with their jail account summary for the last six months attached. Davis and Johnson must each resolve their filing fee status in order to proceed on their claims. **Notably, the Court will assess and collect the full filing fee from Davis and Johnson in installments over time even if they are granted leave to proceed in forma pauperis.** *See* **28 U.S.C. § 1915(b). However, given their limited roles in the unusual initiation of this lawsuit, the Court will**

**not assess or collect a filing fee if Davis and Johnson promptly file a motion to voluntary dismiss this case in lieu of resolving their filing fee status or amending their complaint.** *See Boriboune*, 391 at 856 ("District judges may think it sound to alert prisoners to [the filing fee] requirement—as well as the risk under Rule 11 and § 1915(g) that they will be held accountable for their co-plaintiffs' claims—and give them an opportunity to drop out.").[4]

With respect to the Motion for Counsel, "there is no constitutional or statutory right to court-appointed counsel in federal civil litigation." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Id.* at 654.

Significantly, the Court has found that the Complaint does not state a claim but has granted Davis and Johnson leave to amend. As a result, the Court finds that the Motion for Counsel is premature. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) ("[T]he case [is] still in its infancy, thereby making it impossible at [this] juncture to make any accurate determination regarding [the plaintiff's] abilities or the difficulty of the case."). Further, the Plaintiffs represent that they have contacted four attorneys or law firms in an effort to obtain counsel on their own, but it is this Court's practice to require pro se litigants to write to ten attorneys or law firms and to provide them with copies of the screening order. Accordingly, the Motion will be denied with leave to refile once they have filed an amended complaint and a

---

[4] Except for the signatures of Davis and Johnson, the filings in this case appear to have been prepared entirely by Bartole.

screening order has issued and after Davis and Johnson have sent a copy of the screening order to ten attorneys along with a letter requesting representation. After waiting a reasonable length of time for responses, if they then ask the Court to attempt to recruit a lawyer to represent them for free, they must attach whatever responses they have received. In addition, they need to explain why they believe this case is difficult and why they are not competent to litigate it themselves. They need to detail all of their education and litigation experience. Until then, Davis and Johnson will continue to proceed with this case pro se.

For these reasons, the Court:

(1) GRANTS Shavar Davis and Deonta Johnson until June 12, 2025, to each file an amended complaint and to each resolve their filing fee status or file a motion to voluntarily dismiss their case;

(2) CAUTIONS Shavar Davis and Deonta Johnson that, if they do not respond by this deadline, their cases will be dismissed under 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted;

(3) DENIES the Motion for Counsel (ECF 3)

(4) DISMISSES Shavar Davis and Deonta Johnson pursuant to Federal Rule of Civil Procedure 21;

(5) DIRECTS the Clerk of Court to open a separate case for Shavar Davis with this Order, the Complaint (ECF 1), and the Motion for Counsel (ECF 3);

(6) DIRECTS the Clerk of Court to open a separate case for Deonta Johnson with this Order, the Complaint (ECF 1), and the Motion for Counsel (ECF 3);

(7) DIRECTS the Clerk of Court to directly assign the related, newly opened cases pursuant to N.D. Ind. L.R. 40-1(e);

(8) DIRECTS the Clerk of Court to send Shavar Davis and Deonta Johnson each a copy of the Court's form for prisoner complaints and the Court's form motion for leave to proceed in forma pauperis with their newly assigned case numbers placed on both forms;

(9) DENIES the Motion for Leave to Proceed In Forma Pauperis (ECF 2);

(10) DISMISSES this case WITHOUT PREJUDICE because Marcus T. Bartole sought leave to proceed in forma pauperis in violation of 28 U.S.C. § 1915(g);

(11) DIRECTS the Clerk of Court to return, unfiled, any papers filed by or on behalf of Marcus T. Bartole (except for a notice of appeal or unless filed in an open case or in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court; and

(12) DIRECTS the Clerk of Court to note on the docket of this case any attempted filings in violation of this Order.

SO ORDERED on May 20, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT